Belknap,  }
June 6, 1911. }

## MANN v. MARSHALL.

A widow cannot maintain an action in her own name upon a promissory note given to her individually for a debt due to her husband's estate; but after her appointment as executrix she may be permitted to amend the writ and prosecute the suit in her representative capacity.

ASSUMPSIT, upon a promissory note.  Trial by jury.  The defence was failure of consideration.  Upon the facts hereinafter stated, the court directed a verdict for the defendant, and the plaintiff excepted.  Transferred from the November term, 1910, of the superior court by *Pike, J.*

The plaintiff is the widow of George G. Mann, who died March 17, 1908, and was named in his will as sole legatee and executrix. The will has been proved, but had not been proved when the note in suit was given.  No administration has been taken out upon the estate.  Shortly before April 6, 1908, the plaintiff represented to the defendant that her late husband had given her to understand that he was working for the defendant for wages for some years preceding his death, and she requested him to make payment to her therefor.  In compliance with this request, on April 6, 1908,

the defendant paid the plaintiff a certain sum of money and gave the note in suit, which is payable to her individually.

Owen & Veazey, for the plaintiff.

Streeter, Demond & Woodworth and George W. Field (of Maine), for the defendant.

WALKER, J.   It is apparent that the ground of the ruling directing a verdict for the defendant was that the plaintiff could not compel the defendant to pay her personally a debt which he was owing, not to her, but to her husband's estate.   At the time of the trial no administration had been taken out upon the estate; and as the debt represented by the note belonged to the estate, the ruling of the court was technically correct.   But it now appears that the plaintiff has been appointed executrix of her husband's estate, and there is no reason why she should not be allowed by an amendment to appear in her representative capacity and prosecute the suit. Though the note was given to her in her own name, upon the conceded facts she holds it for the benefit of the estate.   When the suggested amendment is made, the order of the court will be vacated and the case stand for trial.

Case discharged.

All concurred.